**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 26-40830-357 |
| DEMARKO ANTOINE MCCULLOUGH and MYEISHIA DENICE YOUNG, | ) | Chapter 7 |
| | ) | Hon. Brian C. Walsh |
| Debtors, | ) | U.S. Bankruptcy Judge |
| | ) | |
| UNITED STATES TRUSTEE, | ) | United States Bankruptcy Court<br>Eagleton United States Courthouse |
| Movant, | ) | 111 S. Tenth Street |
| | ) | Courtroom 5 North |
| v. | ) | St. Louis, MO 63102 |
| | ) | |
| DEMARKO ANTOINE MCCULLOUGH and MYEISHIA DENICE YOUNG, | ) | Hearing Date: July 22, 2026<br>Hearing Time: 10:00 a.m. |
| | ) | |
| Respondents. | ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE FOR ABUSE PURSUANT TO 11 U.S.C. §§ 707(b)(1), (b)(2), AND/OR (b)(3)**

Jerry L. Jensen, the Acting United States Trustee for Region 13 (the "U.S. Trustee"), by and through Trial Attorney Joseph Schlotzhauer, hereby respectfully moves this Court to enter an order dismissing this case for abuse under 11 U.S.C. §§ 707(b)(1), (b)(2) and/or (b)(3).[1] In support of this motion, the U.S. Trustee states as follows:

1. This Court has jurisdiction of this matter under 28 U.S.C §§ 1334(a) and (b), 28 U.S.C. §§ 157(a) and (b)(1), and 28 U.S.C. § 151.

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B).

[1] Unless otherwise noted, all statutory section references herein are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

3. Demarko Antoine McCullough and Myeishia Denice Young (the "Debtors") filed a voluntary petition under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") on February 27, 2026.

4. Tracy A. Brown is the chapter 7 trustee in this case.

5. The meeting of creditors was commenced on April 10, 2026, and concluded on May 19, 2026.

6. The U.S. Trustee timely filed a Statement of Presumed Abuse (Doc. 13) on May 26, 2026, within ten days of the meeting of creditors. *See* 11 U.S.C. § 704(b)(1)(A).

7. Pursuant to 11 U.S.C. § 704(b)(2), the deadline for filing objections to discharge under 11 U.S.C. § 707(b)(2) is within 30 days of the filing of the statement under § 704(b)(1)(A), or June 25, 2026, and this motion is timely filed under 11 U.S.C. § 704(b)(2).

8. The deadline for filing objections to discharge under 11 U.S.C. § 707(b)(3) is within 60 days of the first date set for the meeting of creditors, or June 9, 2026, which has been extended to August 10, 2026 (Doc. 16); thus, this motion is timely filed under Federal Rule of Bankruptcy Procedure 1017(e)(1).

9. The U.S. Trustee has determined that the present case should be dismissed for abuse under 11 U.S.C. § 707(b)(2) and for abuse under the totality of circumstances under 11 U.S.C. § 707(b)(3)(B) for the reasons set forth below.

**Dismissal for Abuse Pursuant 11 U.S.C. § 707(b)(1) and (b)(2)**

10. 11 U.S.C. § 707(b)(1) provides for dismissal of a chapter 7 case upon a finding of "abuse" by an individual debtor with "primarily consumer debts." 11 U.S.C. § 707(b)(1).

11. In this case, the Debtors indicated on the sixth page of the Voluntary Petition, Line 16, that debts are primarily consumer.

12. In addition, after reviewing the Debtors' schedules and other materials, the U.S. Trustee submits the Debtors' obligations are primarily consumer debts. *See* Doc. No. 1.

13. Section 707(b)(2)(A)(i) requires the Court to presume that a debtor's chapter 7 filing is abusive "if the debtor's current monthly income reduced by amounts determined under clauses (i), (ii), (iii), and (iv) [of § 707(b)(2)(A)], and multiplied by 60 is not less than the lesser of -

(I) 25 percent of the debtor's non-priority unsecured claims in the case, or $10,275, whichever is greater; or

(II) $17,150.

14. Stated differently, if after deducting all allowable expenses from a debtor's current monthly income, the debtor has less than $171.25 per month in monthly disposable income (i.e., less than $10,275 to fund a 60-month repayment plan), the filing is not presumed abusive. If the debtor has monthly disposable income of more than $285.33, or $17,150 to fund a 60-month plan, the filing is presumed abusive. Finally, if a debtor has between $171.25 and $285.33 per month in disposable income, the case will be presumed abusive if that sum, multiplied by 60, will pay 25% or more of the debtor's non-priority unsecured debts.

15. The Debtors' Chapter 7 Statement of Monthly Income and Means Test Calculation, Official Form 122A admits above-median income, $1,111.22 in monthly disposable income, and that the presumption of abuse arises. Doc. 1.

16. Since the Debtors concede that the presumption of abuse arises, the Debtors bear the burden of meeting the "fairly exacting" standards for establishing special circumstances under § 707(b)(2)(B). *In re Willis*, 408 B.R. 803, 810 (Bankr. W.D. Mo. 2009).

17. Specifically, to establish special circumstances under 11 U.S.C. § 707(b)(2)(B)(ii), the Debtors must "itemize each additional expense or adjustment of income" and provide "documentation for such expense or adjustment to income" and "a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable."

18. The Debtors have not met this burden.[2]

19. The Debtors' claim as special circumstances a reduction of $1,483.20 primarily due to claimed loss of part-time income. *See* Doc. 1 at 64.

20. However, the Joint Debtor's pay statements show that she continues to work her part-time job and continues to receive approximately $1,300 per month in part-time gross income.

21. Accordingly, the U.S. Trustee calculates that the Debtors' Form 122A-2, line 39c monthly disposable income is $929.02, which when multiplied by 60 months would result in a total payment to creditors of $55,741.20, far above the $17,150 minimum for abuse.

**Dismissal Pursuant to Section 707(b)(3)**

22. It is not necessary to find a presumption of abuse under § 707(b)(2) in order to dismiss a case for abuse. A chapter 7 case may still be dismissed for the totality of the circumstances if the debtor's financial situation demonstrates abuse. Section 707(b)(3) provides:

> In considering under [§ 707(b)(1)] whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph 2(A)(i) does not arise or is rebutted, the court shall consider—
>
> (B) [whether] the totality of the circumstances ... of the debtor's financial situation demonstrates abuse.

---

[2] If the Debtors contest this motion, the U.S. Trustee reserves the right to introduce evidence to contradict the Debtors' calculations on Form 122A-1 and Form 122A-2 and to assert that there is more disposable income than the amounts to which the Debtors admit.

23. 11 U.S.C. § 707(b), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), replaced dismissal based upon a "substantial abuse" with a lesser standard of "abuse."

24. Under pre-BAPCPA case law, substantial abuse could be found when a debtor had sufficient income to fund a chapter 13 plan and repay a substantial amount of his or her debts. *In re Walton*, 866 F.2d 981, 983 (8th Cir. 1989). *See also In re Koch*, 109 F.3d 1285 (8th Cir. 1997).

25. Under 11 U.S.C. § 707(b)(3), the dismissal of a case is warranted based upon "abuse" where the totality of the circumstances indicates that the debtor can repay a substantial portion of his or her unsecured debt. *See, e.g.*, *In re Booker*, 399 B.R. 662 (Bankr. W.D. Mo. 2009) (when considering whether grounds exist to dismiss a case for abuse under the totality of the circumstances, the court should consider primarily the debtor's ability to pay).[3]

26. A motion to dismiss a chapter 7 case brought under 11 U.S.C. § 707(b)(3) is a separate cause of action unrelated to whether there is a presumption of abuse under 11 U.S.C. § 707(b)(2). *Fokkena v. Draisey* (*In re Draisey)*, 395 B.R. 79 (8th Cir. B.A.P. 2008).

27. Since the Joint Debtor has continued to work her part-time job, the U.S. Trustee's review of the Debtors' pay statements for January through April 2026, show that the Debtors' average gross monthly income is $11,121.05, which is approximately $2,000 more than what the Debtors disclose on Schedule I, line 4.

28. With respect to the Debtors' car payment on line 17a of Schedule J, the U.S. Trustee has amortized the amounts of the remaining payments over 60 months consistent with

---

[3] Case was subsequently distinguished, in part, on unrelated grounds pertaining to inclusion of social security income in the abuse analysis. *In re Johnson*, No. 13-20542-DRD-7, 2014 WL 814740 (Bankr. W.D. Mo. Feb. 28, 2014).

applicable case law. *See In re Lasowski*, 575 F.3d 815 (8th Cir 2009) *affirming* 384 B.R. 205 (B.A.P. 8th Cir. 2008) (holding that loans to be repaid in full during a Chapter 13 case are amortized for purpose of calculating disposable income). Accordingly, the Debtors' actual payment of $760 per month would be reduced to approximately $637.60 in a hypothetical 60-month Chapter 13 plan.

29. Further, the Debtors' car payment on Line 17b of Schedule J, the U.S. Trustee has amortized these payments. Accordingly, the Debtors' payment of $667 per month would be reduced to approximately $391.33 in a hypothetical 60-month Chapter 13 plan.

30. Based on the U.S. Trustee's review and analysis, the Debtors have $2,826.31 in Schedule J, line 23c disposable income, sufficient to repay over 117% of their general, unsecured debt in a 60-month Chapter 13 repayment plan.

31. Even accounting for hypothetical chapter 13 attorney's fees of $5,800[4] and a chapter 13 trustee administrative expense multiplier of 6.7%, the Debtors would have sufficient disposable income to make payments totaling $152,416.83, or over 105% of non-priority, unsecured debts over a 60-month chapter 13 repayment plan.

32. This case should be dismissed as abusive under § 707(b)(3) based upon the totality of the circumstances because the Debtors can repay a substantial portion of her unsecured debt.

WHEREFORE, the U.S. Trustee respectfully requests that this Court dismiss this case for abuse under 11 U.S.C. § 707(b)(1), (2), and/or (3) and grant such other and further relief as may be just and proper.

---

[4] *See* Local Rule 2016-3(A)(1) providing for a $5,800 flat fee option in chapter 13 cases without an application to the Court for cases filed after December 1, 2024.

Dated: June 22, 2026.

Respectfully submitted,

JERRY L. JENSEN
Acting United States Trustee

PAUL A. RANDOLPH
Assistant United States Trustee

/s/ Joseph Schlotzhauer
Joseph Schlotzhauer, E.D. Mo #62138
Trial Attorney
Office of U. S. Trustee
111 South 10th Street, Suite 6.353
St. Louis, MO 63102
(202) 280-9375
joseph.schlotzhauer@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed electronically on June 22, 2026, with the United States Bankruptcy Court, and has been served on the parties in interest via email by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document that was filed electronically with the United States Bankruptcy Court, has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed on the attached Master Mailing List on June 22, 2026.

/s/ Tavia Shreefer
Tavia Shreefer, Paralegal Specialist

Label Matrix for local noticing
0865-4
Case 26-40830
Eastern District of Missouri
St. Louis
Thu Jun 18 15:04:16 CDT 2026

AAA Missouri
12901 N Forty Dr.
Saint Louis, MO 63141-8699

Affirm
30 Isabella St, Floor 4
Pittsburgh, PA 15212-5862

Afterpay
222 Kearny St #600
San Francisco, CA 94108-4509

Ameren Missouri
PO Box 790098
Saint Louis, MO 63179-0098

(p)ASPEN DENTAL
PO BOX 1578
ALBANY NY 12201-1578

Asurion
PO Box 1818
Sterling, VA 20167-1818

Tracy A. Brown
Tracy A. Brown Chapter 7 Trustee
1034 South Brentwood Blvd
Suite 1850
St Louis, MO 63117-1284

Capital One
PO Box 31293
Salt Lake City, UT 84131-0293

Consumer Adjustment Co
12855 Tesson Ferry Rd
Saint Louis, MO 63128-2912

Consumer Portfolio Services C/O MICHAEL P GA
12701 W. 87th Street Parkway
Suite 200
Lenexa, KS 66215-4527

Consumer Portfolio Svc
19500 Jamboree Rd
Irvine, CA 92612-2437

Credence Resource Mana
4222 Trinity Mills Rd
Ste 260
Dallas, TX 75287-7666

Credit Acceptance Corp
PO Box 5070
Southfield, MI 48086-5070

Credit Collection Serv
PO Box 607
Norwood, MA 02062-0607

Credit Control Service
PO Box 607
Norwood, MA 02062-0607

Credit One Bank NA
PO Box 98872
Las Vegas, NV 89193-8872

Dept of Education/Neln
PO Box 82561
Lincoln, NE 68501-2561

DirecTV
PO Box 5007
Carol Stream, IL 60197-5007

Enterprise Rental Car
600 Corporate Park Dr.
Saint Louis, MO 63105-4211

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD 57107-0145

Four Technologies Inc
2807 Buscayne Blvd Ste 102
Miami, FL 33137

Michael P Gaughan
Lewis Rice LLC
12701 W 87th St
Ste 200
Lenexa, KS 66215-4527

Geico Insurnace
One Geico Plaza
Bethesda, MD 20811-0002

(p)GLOBAL LENDING SERVICES LLC
1200 BROOKFIELD BLVD STE 300
GREENVILLE SC 29607-6583

Hertz Car Rental
Attn Bankruptcy Deptartment
8501 Williams Road Estero
Estero, FL 33928-3325

Internal Revenue Service
PO Box 7346
Insolvency Unit
Philadelphia, PA 19101-7346

Jeffersncp
200 14th Ave E
Sartell, MN 56377-4500

Jefferson Capital Systems LLC
c/o Blitt and Gaines PC
707 N 2nd St, Ste 306
Saint Louis, MO 63102-2535

(p)KLARNA INC
ATTN BANKRUPTCY
PO BOX 8116
COLUMBUS OH 43201-0116

Lincoln County Ambulance District
PO Box 38
Troy, MO 63379-0038

Demarko Antoine McCullough Sr.
125 Quail Run Cr
Moscow Mills, MO 63362-2153

Mercy
PO Box 505557
Saint Louis, MO 63150-5556

Missouri Department of Labor
Employment Security Division
421 East Dunklin PO Box 59
Jefferson City, MO 65102-0059

Missouri Department of Revenue
PO Box 475
Bankruptcy Section
Jefferson City, MO 65105-0475

Navy Federal Cr Union
PO Box 3700
Merrifield, VA 22119-3700

Office of US Trustee
111 S Tenth St, Ste 6.353
St. Louis, MO 63102-1127

Paypal
PO Box 965005
Orlando, FL 32896-5005

Progressive Leasing
256 West Data Dr.
Draper, UT 84020-2315

(p)SSM HEALTH
12800 CORPORATE HILL DR
SAINT LOUIS MO 63131-1834

Joseph Richard Schlotzhauer
United States Trustee Program
111 South 10th Street
Suite 6.353
St. Louis, MO 63102-1127

(p)SELF INC
PO BOX 11
SOUTHLAKE TX 76092-0011

(p)SEZZLE INC
BANKRUPTCY DEPARTMENT
700 NICOLLET MALL
STE 640
MINNEAPOLIS MN 55402-2050

(p)SHELTER INSURANCE COMPANY
1817 W BROADWAY
COLUMBIA MO 65218-0001

(p)SPRING OAKS CAPITAL LLC
1400 CROSSWAYS BLVD STE 100B
CHESAPEAKE VA 23320-0207

Synchrony Bank/Amazon
PO Box 960013
Orlando, FL 32896-0013

(p)JEFFERSON CAPITAL SYSTEM LLC
MAILROOM
200 14TH AVE E
SARTELL MN 56377-4500

Tek-Collect Inc
PO Box 1269
Columbus, OH 43216-1269

The District
633 N McKnight Rd
Saint Louis, MO 63132-4910

Michael Dominic Toscano
Toscano & Wilson Law LLC
10880 Baur Boulevard
St. Louis, MO 63132-1632

Vios
31035 Schoolcraft Rd
Livonia, MI 48150-2029

Wc / Koalafi
4951 Lake Brook Dr
Glen Allen, VA 23060-9279

Myeishia Denice Young
125 Quail Run Cr
Moscow Mills, MO 63362-2153

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Aspen Dental
3115 North Highway 67
Florissant, MO 63033

Global Lending Service
1200 Brookfield Blvd
Ste 300
Greenville, SC 29607-6583

Klarna Inc
629 N High St, 3rd Floor
Columbus, OH 43215

SSM Health Medical Group
PO Box 955978
Saint Louis, MO 63195

Self Financial/Lead Ba
PO Box 11
Southlake, TX 76092-0011

Sezzle Inc
251 1st Ave N
Minneapolis, MN 55401-1644

Shelter Insurance
1817 W Broadway
Columbia, MO 65218

Spring Oaks Capital Ll
PO Box 1216
Chesapeake, VA 23327-1216

T-Mobile Bankruptcy Team
PO Box 53410
Bellevue, WA 98015

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 52 |
| Bypassed recipients | 0 |
| Total | 52 |