**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 7 |
| DEMARKO ANTOINE MCCULLOUGH and | ) | Case No. 26-40830-357 |
| MYEISHIA DENICE YOUNG, | ) | |
| | ) | Hon. Brian C. Walsh |
| Debtors. | ) | U.S. Bankruptcy Judge |

**NOTICE OF RULE 2004 EXAMINATION**

TO: Navy Federal Credit Union

PLEASE TAKE NOTICE that, pursuant to Fed. R. Bankr. P. 2004 and Rule 2004-1 of the Local Rules of Practice of the United States Bankruptcy Court for the Eastern District of Missouri, the United States Trustee, requests the production of certain documents specified in the subpoena attached hereto, issued pursuant to Fed. R. Bankr. P. 9016. The production of documents shall be made on or before August 5, 2026 at 5:00 p.m. by delivering copies of the documents set forth in the subpoena by mail, courier or other delivery service addressed to Joseph R. Schlotzhauer, Office of the United States Trustee, 111 S. 10th Street, Suite 6.353 St. Louis, MO 63102. Pursuant to Local Rule 2004-1, any objection to, or motion to quash this notice must be filed within 10 days of this notice.

Dated: July 14, 2026.

Respectfully submitted,

JERRY L. JENSEN
ACTING UNITED STATES TRUSTEE

PAUL A. RANDOLPH
ASSISTANT UNITED STATES TRUSTEE

BY: /s/ Joseph R. Schlotzhauer
Joseph R. Schlotzhauer, EDMO Bar #62138MO
Trial Attorney
Office of the United States Trustee
111 S. 10th Street, Suite 6.353
St. Louis, MO 63102
(314) 539-2982
joseph.schlotzhauer@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by electronic notification, this 14th day of July 2026 on the Court's electronic case filing system and by U.S. Mail, postage prepaid, upon the following parties:

Navy Federal Credit Union
820 Follin Lane
Vienna, VA 22180

/s/ Tavia Shreefer
Tavia Shreefer, Paralegal Specialist

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

EASTERN District of MISSOURI

In re Demarko A. McCullough, Sr./Myeishia D. Young
Debtor

Case No. 26-40830

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Navy Federal Credit Union
*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Office of the United States Trustee<br>111 S. 10th Street, Suite 6.353<br>St. Louis, MO 63102 | 08/05/26 5:00 pm |

The examination will be recorded by this method: NO APPEARANCE NECESSARY IF DOCUMENTS ARE PRODUCED

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Copies of the $10,000 and $20,000 checks that were withdrawn on September 18, 2025 from the debtors' Navy Federal Credit Union checking account xxxxxx8866.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/14/26

CLERK OF COURT

OR

_______________________ /s/ Joseph R. Schlotzhauer
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* United States Trustee , who issues or requests this subpoena, are:
Joseph R. Schlotzhauer, Trial Attorney, Office of the United States Trustee
111 S. 10th Street, Suite 6.353, St. Louis, MO 63102

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: Navy Federal Credit Union
on *(date)* ___________ .

☒ I served the subpoena by delivering a copy to the named person as follows: 820 Follin Lane, Vienna, VA 22180
on (*date*) 07/14/26 ; or

☐ I returned the subpoena unexecuted because: ____________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: 07/14/26

/s/ Tavia Shreefer
*Server's signature*

Tavia Shreefer, Paralegal Specialist
*Printed name and title*

Office of the United States Trustee
111 S. 10th Street, Suite 6.353, St. Louis, MO 63102
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)